DEBRA JUNE ABRAHAM & another *vs.* E. H. PORTER CONSTRUCTION CO., INC. March 28, 1968. This case in which the jury found for the defendant should not have gone to the jury. There was evidence that the minor plaintiff (hereinafter the plaintiff) fell over a stick of new lumber at about 6 P.M. on October 10, 1961, while playing, pursuant to an implied general invitation, in the parking lot adjacent to a church. Three hundred feet away the defendant was building on the church property a rectory and had left there new lumber including sawed pieces. The defendant knew that children played in the churchyard and in the area where work was being performed. The judge ruled that the site of the accident was not part of the premises in the defendant's control. The plaintiff's case is rested on this view of the evidence.

The brief asserts that the place of injury was "far removed from the construction site." The plaintiff, in tripping, fell into woods owned by the church adjacent to the parking lot and was cut on a broken bottle. Assuming without deciding that the bottle could have been found to have been broken and left by the defendant's employees in the course of their lunch time activities, nevertheless in the circumstances their carelessness on their own time away from the construction site was not chargeable to their employer. Assuming, also without deciding, that the jury could have found that the stick of lumber came from the site, due care did not require that the defendant guard against the purloining of construction material not inherently dangerous. It was not a breach of duty to a child on other premises than the construction site to leave cut timber at the place of work. The excluded contract would not have shown negligence.

*Plaintiffs' exceptions overruled.*
*Defendant's exceptions sustained.*
*Judgment for the defendant.*

*Albert P. Zabin* for the plaintiffs.
*Edward R. Butterworth (Leon J. McEntee* with him) for the defendant.