SFM CORPORATION, Plaintiff,

v.

SUNDSTRAND CORPORATION,
Defendant.

No. 82 C 4933.

United States District Court,
N.D. Illinois, E.D.

June 16, 1984.

Roger W. Wenthe, Byron L. Gregory, McDermott, Will & Emery, Chicago, Ill., for plaintiff.

Frederic R. Klein, Joseph R. Lundy, Robin L. Greenwald, Schiff Hardin & Waite, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's May 16, 1984 opinion (the "Opinion") rejected the extensive but wholly ill-founded summary judgment motion filed by SFM Corporation ("SFM"). Sundstrand Corporation ("Sundstrand") has now moved under Fed.R.Civ.P. ("Rule") 11 for an award of its substantial attorneys' fees incurred in resisting SFM's motion. SFM counters by saying the Opinion made its motion appear unreasonable only because this Court denied the motion without issuing any findings of undisputed facts pursuant to Rule 56(d). SFM therefore moves for reconsideration and supplementation of the Opinion. For the reasons stated in this memorandum opinion and order, Sundstrand's motion is granted and SFM's is denied.

### Facts and Procedural Setting

No independent background statement is necessary to deal with the current issues— the Opinion itself suffices. It not only lays the factual groundwork for the litigation (Opinion at 2–4) but also describes SFM's motion for which Sundstrand seeks sanctions and states the reasons this Court rejected that motion in its entirety (*id.* at 4–15). In the course of doing so the Opinion said the "motion is really ill-advised" (*id.* at 4), "all eight counts are plainly brimming with disputed issues of material fact" (*id.* at 5) and SFM had an "incredibly low threshold for viewing its position as worthy of a judgment as a matter of law" (*id.* at 4 n. 5). Those statements, coupled with Sundstrand's own legal research, led it to seek reimbursement of its expenses under the newly-amended Rule 11.

### Rule 11 Principles and Application

Rule 11 was amended in 1983 with the specific aim of easing the standard for im-

position of sanctions. It now provides in pertinent part:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Strong language in the Opinion effectively put the onus on SFM to justify its invocation of Rule 56, so Rule 11's new principles can best be discussed in the context of SFM's arguments in response to the Rule 11 motion.

SFM's defense rests on three principal contentions, the second of which is the most important:

1. "SFM's analysis of the voluminous record in this case revealed that there are sufficient uncontested facts to support a judgment in SFM's favor on each of the seven counts on which summary judgment was sought." SFM Mem. 5.

2. "SFM intended for the Court to focus the litigation on those claims and material fact issues which were demonstrably the subject of an actual dispute between the parties pursuant to Rule 56(d)." *Id.*

3. "Sundstrand's current motion is inconsistent with its motion for partial summary judgment, which indicated that Sundstrand was operating under the

same interpretation of Rule 56 as SFM." *Id.* at 11.

None of those contentions is adequate to avert either the granting of Sundstrand's motion or the denial of SFM's.

### 1. *SFM's Claimed "Reasonable Basis"*

■ SFM does not appear to argue seriously it had a reasonable basis for seeking summary judgment. It devotes only one paragraph to that argument in its Rule 11 memorandum (see Mem. 5). It reveals no facts or circumstances behind its decision to make a Rule 56 motion other than citing to the discovery record itself, which the Opinion found sorely wanting. Thus the Opinion at 4–15 speaks for itself on whether the motion had a reasonable basis. It did not.

■ In conjunction with the "reasonable basis" argument SFM Mem. 5 says SFM "believed" its motion was sound. But its (or its counsel's) subjective belief is not the standard for determining the propriety of Rule 11 sanctions, and SFM does not argue that to be so. Notes of Advisory Committee on the 1983 Amendment to Rule 11 clearly state the standard for reasonableness is objective and not subjective (citations omitted):

> The standard is one of reasonableness under the circumstances.... This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation.

Any other standard would eviscerate the Rule because, as Judge Knapp put it in *Wells v. Oppenheimer & Co.*, 101 F.R.D. 358, 359 n. 3 (S.D.N.Y.1984), "there is no position—no matter how absurd—of which an advocate cannot convince himself." Removal of the bad-faith requirement was deliberately intended to make Rule 11 apply to situations such as this, in which a litigant's position is patently untenable.

Indeed SFM actually concedes its own submission left material fact issues unresolved. In other words not even SFM would have granted its own motion in its entirety. Nearly half its current Rule 11 submission is a list of "Uncontested Facts" and "Resulting Propositions of Law." Three of those Resulting Propositions of Law really acknowledge fact issues exist:

1. On Complaint Counts II and IV (see Opinion at 9–10) SFM asserts (Mem. App. 5) it is "uncontested" that "Sundstrand did not intend to accept and pay for the machines, whether or not they conformed to the contract." However it belies that very contention when it invites this Court, as an alternative to granting judgment to SFM, to conclude (*id.*) "the only fact issue remaining is the credibility of the Sundstrand employees who deny having an intention to cancel."

2. On the validity of Sundstrand's misrepresentation theory contained in Counterclaim Count II ¶ 16(a) (see Opinion at 10–12), SFM would have this Court conclude (Mem.App.7):

> The only fact issue remaining for trial is whether Sundstrand was adequately informed of the special nature of the features SFM would be designing such that Sundstrand was not misled.

3. On the validity of Sundstrand's misrepresentation theory contained in Counterclaim Count II ¶¶ 16(b) and 17(e) (an issue the Opinion did not reach), SFM again urges (Mem.App.7) the Court should have declared the theory turns on a single fact issue—"whether Sundstrand employees who received the misrepresentation were misled by it." [1]

Such repeated concessions that fact issues remain not only confirm SFM had no reasonable basis for seeking summary judgment on three of this action's eight counts—they also call SFM's own good

---

1. Perhaps in an effort to put the best face on its original motion, SFM has phrased its contentions described in the last two numbered text paragraphs as though its own intent to mislead—and perhaps the reasonableness of Sundstrand's reliance—were no longer open factual issues. If SFM really intends to concede those points, so be it. But at least until SFM has had a chance to think through that problem and its potential consequences, this Court is disinclined to treat SFM's current submission as a binding admission on that score.

faith into question. And this Court need not repeat what it set forth in the Opinion to show that, concessions or not, the rest of SFM's motion was equally without merit.

## 2. *SFM's Rule 56(d) Theory*

SFM next argues even if it could not reasonably support judgment in its favor on any claim, its motion was nonetheless reasonable because it called Rule 56(d) into play: In the language of that Rule, the motion made it "practicable" for this Court to "ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." Implicit in that argument is the notion a party may move for issue-narrowing under Rule 56(d) even when it has no reasonable basis for seeking summary judgment under Rule 56(a) or 56(b).[2]

■ All authorities point to the conclusion THERE IS NO SUCH THING AS A RULE 56(d) MOTION.[3] Rule 56's structure itself makes that proposition amply clear. Rule 56(a) authorizes summary judgment motions for claimants; Rule 56(b), for defending parties. Rule 56(c) says such motions shall be granted only if "there is no genuine issue as to any material fact." Rule 56(d) is not expressed in self-contained terms. Instead it speaks of motions brought "under this rule" that do not dispose of the entire case. Neither Rule 56(d) nor any other Rule contains any authorization for motions not justified by the standards of Rule 56(c). Thus summary judgment motions must be brought pursuant to Rule 56(a) or 56(b) and must be reasonably justified under Rule 56(c).

■ Had SFM truly been looking to Rule 56(d), a simple check of the leading non-decisional sources on federal practice would have led it to the same conclusion. Rule 56(d)'s purpose, according to cases cited in 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2737, at 454 n. 1, 458–59 (2d ed. 1983) is to salvage constructive results of the court's denial of a properly-brought but unsuccessful summary judgment motion.[4] Rule 56(d) procedure does not stand alone, but is "ancillary to a motion for summary judgment." *Id.* at 457. And 6 (Pt. 2) *Moore's Federal Practice* ¶ 56.20[3.–2], at 56–1215 (2d ed. 1982) quotes Judge Rifkind addressing the very same issue 40 years ago in *Yale Transport Corp. v. Yellow Truck & Coach Manufacturing Co.,* 3 F.R.D. 440, 441 (S.D.N.Y. 1944):

> Rule 56(d) does not authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof.

Indeed even a quick review of just this Court's published opinions in this area (a simple chore in these days of LEXIS and WESTLAW) would have disclosed to SFM that Rule 56(d) is not to be viewed as a device to obtain adjudications of non-dispositive fact issues. See *Oberweis Dairy, Inc. v. Associated Milk Producers, Inc.,* 553 F.Supp. 962, 970–71 (N.D.Ill.1982); *Wetherill v. University of Chicago,* 548 F.Supp. 66, 67 n. 3 (N.D.Ill.1982); *Mendenhall v. Barber-Greene Co.,* 531 F.Supp. 947 (N.D.Ill.1981). Use of Rule 56(d) for such purposes would draft every district court into performing the task, properly the responsibility of the litigants under this Court's (and every other court's) standard form of pretrial order, of narrowing the

---

**2.** This statement of the issue really puts the cart before the horse, for it takes SFM's present invocation of Rule 56(d) at face value. As the later text discussion indicates, at this point SFM is really indulging in a post hoc rationalization not even whispered at in the course of its elaborate and extended presentation on the original summary judgment motion.

**3.** With apologies to Judge Bauer's opinion in *United States v. Koliboski,* 732 F.2d 1328, 1329 n. 1 (7th Cir.1984).

**4.** SFM's own Mem. 3 quotes *In re Data General Corp. Antitrust Litigation,* 490 F.Supp. 1089, 1103 (N.D.Cal.1980), in which the court, invoking Rule 56(d), "attempted to salvage all constructive results of the monumental efforts the parties have invested in these summary judgment proceedings." *Data General* is one of the cases cited by Wright, Miller & Kane.

issues for trial. See 10A Wright, Miller & Kane § 2737, at 460–61. Any such result would be unacceptable, because it would make *every* case on this Court's calendar fair game for such a "summary judgment" motion before the case goes to trial. Judicial calendars are far too large to permit so onerous and impermissible a use of judicial resources.[5]

This line of analysis should not of course be mistaken for any disavowal of a court's *proper* role in the shaping of issues for trial. Even before the 1983 amendment to Rule 16 institutionalizing case management concepts, this Court has often encouraged (where appropriate) the narrowing of triable issues of fact with the aid of the court—even apart from the use of the pretrial order itself for that purpose. But the obvious and important distinction is that issue-narrowing under Rule 16 is wholly discretionary with the court, while Rule 56(d) speaks in mandatory terms: It tells the District Court what it "shall" do if a Rule 56 motion fails and a trial is necessary. As has been said of Mount Everest, a Rule 56 motion must be scaled simply because it is there. Consequently the shape of the universe for which SFM now contends would not only distort the language of Rule 56(d), it would also distort the relative functions of the court and the litigants by forcing the former to do the latter's job in every case. In logic as well as law, then, SFM's present (really restructured) version of what it sought to do in its original Rule 56 motion was unreasonable—it was not "warranted by existing law" in the words of Rule 11.

■ Even though a motion is thus without warrant in existing law, it may still conform to Rule 11 if supported by "a good faith argument for the extension, modification, or reversal of existing law." That potential defense however is really not in the game here, because SFM has never until now made any such argument. Its summary judgment motion and supporting memoranda never hinted, let alone acknowledged, the motion was inappropriate unless a change in the literal reading and prevailing interpretation of Rule 56 were first effected. In fact SFM's Rule 56 papers never mentioned Rule 56(d) at all—not even to propose that findings of fact be made if judgment for SFM is inappropriate. If that is really what SFM wanted, it should have said so. In point of fact this Court finds SFM's present Rule 56(d) theory is nothing more than an afterthought, advanced to pull its chestnuts out of the fire represented by Sundstrand's motion for fees. SFM's newly-advanced theory is not now invoked in good faith.

One purely collateral issue merits some discussion, albeit in the nature of dictum as to Sundstrand's Rule 11 motion. SFM's responsive submission to that motion repeatedly implies this Court did not issue findings of fact even though Rule 56(d) required it to do so in the circumstances. That is really beside the mark, for this Court's compliance or non-compliance with Rule 56(d) is irrelevant to SFM's (or its counsel's) liability under Rule 11.

Nonetheless SFM has also coupled with its Rule 11 response a motion for supplementation of the Opinion. Accordingly this opinion, in dealing with (by denying) that motion, will take the occasion to explain why SFM's reading of Rule 56(d) is again skewed.

■ As this opinion has already pointed out, Rule 56(d) imposes a compulsory obligation on this Court to ascertain "if practicable ... what material facts exist without substantial controversy." See 10A Wright, Miller & Kane § 2737, at 459–61. But in this case it is not "practicable" to issue such further findings of fact for at least two reasons:

1. In ruling on SFM's original motion and preparing the Opinion, this Court did what it could without wasting additional time on an ill-founded motion. Some

---

**5.** Thus, contrary to SFM's present assertions (*e.g.*, Mem. 10), its position promotes waste rather than conservation of judicial resources.

statements in the Opinion could be considered Rule 56(d) findings. See, *e.g.*, Opinion at 8 n. 10, 18 n. 17. Additional findings of the kind now asked for by SFM are truly impracticable, given the parties' massive submissions (they make up a stack just under 9 inches high). After even a preliminary reading it was obvious summary judgment was inappropriate. Hence this Court's second reading was aimed at—and limited to—identifying the minimum number of disputed material facts necessary to support denial of SFM's motion.

2. As already explained, it is "impracticable" in a larger (and more important) sense to permit litigants to draw this Court into performing their pretrial obligations. SFM cannot bootstrap itself, via an insupportable Rule 56 motion, into imposing that burden on this Court.

In sum Rule 56(d) is not an appropriate basis for summary judgment motions. And even if it were, it does not properly apply here.

### 3. *SFM's "Unclean Hands" Defense*

■ SFM finally argues, though not very forcefully, Sundstrand should not be permitted to recover because it operated under the same misconception of Rule 56 as SFM. As an ad hominem attack that argument rests on a logical fallacy. As an "unclean hands" defense it fails because Rule 11 relief is not equitable in nature. Sundstrand's behavior is simply irrelevant to SFM's violation of Rule 11.

Nonetheless, because the argument has some surface appeal and because SFM is not foreclosed from cross-moving for Rule 11 reimbursement, a short discussion is appropriate:

1. Sundstrand did indeed misunderstand Rule 56 in moving for partial summary judgment on Complaint Count I, as the Opinion at 15–16 makes plain. However it was not necessary for SFM to present any responsive evidentiary materials, because the problem with Sundstrand's position was apparent on its face. Mere citation to *Mendenhall* (for example) would have sufficed. If SFM's motion were a cannon, this aspect of Sundstrand's motion was a popgun.

2. Sundstrand's motion for judgment on Complaint Count III had a reasonable basis in fact. In denying the motion the Opinion, slip op. at 17 stated SFM's position was "stretching things a bit," but accepted it for summary judgment purposes anyway.

Thus this Court concludes SFM (or its counsel), not Sundstrand, is the culprit causing the waste of resources occasioned by this case's cross-motions for summary judgment.

### Conclusion

SFM's motion for supplementation of the Opinion is denied. Sundstrand's motion for reimbursement of expenses under Rule 11 is granted. That leaves for resolution (1) the amount of liability under Rule 11 and (2) whether SFM, its counsel, or both should be liable.

To minimize (or even avoid entirely) the need for an evidentiary hearing (with its potential for fees on fees), this Court urges counsel to seek to define any possible areas of agreement (such as propriety of the time spent, the extent if any to which the same time would have had to be spent anyway, the reasonableness of hourly rates and so on).[6] Thereupon Sundstrand should submit a modified fees petition, together with a statement of the issue or issues on which the parties have agreed and have disagreed. This Court will establish appropriate procedures (an evidentiary hearing to the extent required, and briefing to the extent no evidentiary hearing is needed) to resolve the issue or issues.

---

**6.** Because unreasonable behavior by either side during the process of determining the amount to be reimbursed, and the person or persons to be held financially responsible, could be considered in determining the final amount of the award, it is in everyone's interest to minimize any potential areas of dispute.