Brassard, J.
INTRODUCTION
This matter comes before the court on the plaintiffs’, Esteban Macias (“Macias”) and Gloria Diosa (“Diosa”), motion for summary judgment and third *218 parly defendant’s, Peter Bachman dba Custom Designs (“Bachman”)[4] cross-motion for summary judgment. A third plaintiff, Carmen Deleon (“Deleon”) has submitted an opposition to Bachman’s cross-motion for summary judgment, however, Deleon has not moved for summary judgment. Macias and Diosa seek summary judgment to the effect that Bachman is liable under the theory of vicarious liability if his employee, David Oteri (“Oteri”), is found negligent at trial. For the reasons discussed below the Macias and Diosa motion for summary judgment is ALLOWED and the Bachman cross-motion for summary judgment is DENIED. Also, pursuant to Mass.R.Civ.P. 56(c), this court GRANTS partial summary judgment on the issue of vicarious liability for Deleon.
BACKGROUND
Oteri was employed as a carpenter by Bachman, who was a general contractor. Oteri used his own vehicle to drive to and from work, as well as to and from job sites. On the morning of May 13, 1994, Oteri was installing a screen door when he cut his hand. Without any instruction from anyone, he proceeded to the hospital in his own vehicle along route 16 in Wellesley. Macias, Diosa, and Deleon, were travelling together on route 16 in the opposite direction. Oteri swerved into the oncoming lane to allegedly avoid a car that pulled out in front of him. Oteri struck the Macias’ vehicle head-on. Bachman’s insurance paid Oteri for his medical bills. Also, Oteri subsequently collected workers’ compensation benefits.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ...” LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
A. Mass.R.Civ.P. 56(d).
A court may make an order of partial summary judgment if there are facts that appear without substantial controversy and then may direct further proceedings in the case as are just. Mass.R.Civ.P. 56(d). Even though this summary judgment order will not be a full adjudication of Bachman’s negligence, the purposes of Rule 56(d) are satisfied by entering partial summaiy judgment for the plaintiffs in this matter.
B.Vicarious Liability
Vicarious liability, based on the theoiy of respon-deat superior, permits an injured party to recover against a principal if the injury' occurs as a result of the negligence of its agent acting within the scope of his agency. Abraham v. E.H. Porter Constr. Co., 354 Mass. 757 (1968); Worcester Ins. Co. v. Fells Acres Day School, Inc., 408 Mass. 393 (1990).
There are two issues in the case at bar. The first is whether Oteri was an agent of Bachman. Secondly, if Oteri was an agent, was he acting within the scope of his employment.
C.Agency
Agency exists when “[a)n.agent acts on behalf of the principal and subject to the principal’s direction and control.” American Home Assurance Co. v. Sport Maska, Inc., 808 F.Supp. 67, 72 (D.Mass. 1992). Whether an agency relationship exists can be established either by direct or circumstantial evidence. In re Idak Corp., 19 BR 195 (D.Mass. 1982). The following undisputed facts are sufficient to establish that an agency relationship existed between Bachman and Oteri: (1) Bachman directed Oteri to go to the job site in order to hang a screen door; (2) Oteri was injured while performing work for Bachman; (3) the accident in question occurred when Oteri drove himself to the hospital; (4) Oteri collected workers’ compensation as a result of cutting his hand; and (5) Bachman’s insurance paid for Oteri’s medical bills.
D.Scope of Employment
The standard in this Commonwealth for determining whether an employer is liable for the negligent acts of its employee is whether that employee was acting within the scope of his employment. Kelly v. Middlesex Corp.2, 35 Mass.App.Ct. 30, 32 (1993). “Conduct of an agent is within the scope of employment if it is of the kind he is employed to perform; if it occurs substantially within the authorized time and space limits; and if it is motivated, at least in part, by a purpose to serve the employer.” Veranda Beach Club v. Western Sur. Co., 936 F.2d 1364 (1st Cir. 1991) (citing Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854 (1986); See also Burroughs v. Commonwealth, 423 Mass. 874 (1996).
Here, Oteri was doing the work for which he was employed. Further, “[b]ecause an employer has a duty to provide, and an employee has a duty to accept, medical treatment for work-related injuries, an employee who is travelling to or from a place of medical treatment is fulfilling an implied obligation of the employment contract.” Case of McElroy, 397 Mass. 743, 747-48 (1986).[5]
ORDER
1. The motion of Macias and Diosa for partial summary judgment is ALLOWED as follows: if it is determined at trial that Oteri was negligent, Bachman *219 d/b/a Custom Designs is responsible for that negligence.
2. As to Deleon, pursuant to Mass.R.Civ.P. 56(c), which allows summary judgment, when appropriate, to be rendered against the moving party, partial summary judgment is ALLOWED as follows: if it is determined at trial that Oteri was negligent, Bachman d/b/a Custom Designs is responsible for that negligence.
3. Bachman’s cross-motion for summary judgment is DENIED.

 Custom Designs was not incorporated at the time of the accident.

 While Case of McEloy is a workers’ compensation case, it nevertheless stands for the proposition that an employee who travels to the hospital because of a work-related injury is within the scope of his employment.

 Gloria Diosa

 Warren H. Strauss, Amy Strauss, and Peter Bachman dba
Custom Designs.