Fecteau, Francis R., J.
Plaintiffs Kevin Lou (“Kevin”), his mother, Beilin Chen, and father, Jidoung Lou (collectively “Lou”) bring this action against Otis Elevator Company (“Otis”) for injuries sustained by Kevin in 1998.[3] Pursuant to Mass.R.Civ.P. 56, the Plaintiffs now move the Court to grant summary judgment in their favor to establish that Otis is a manufacturer or seller of the escalator involved.[4] Otis denies that it manufactured or sold the escalator. For the following reasons, the Plaintiffs’ Motion for Summary Judgment is DENIED.
BACKGROUND
The relevant undisputed facts and disputed facts viewed in the light most favorable to the non-moving party, Otis, are as follows.
Kevin and his parents reside in Worcester County, Massachusetts. In October 1998, while riding down an escalator with his grandmother at the Changzhou Tianyuan Department Store in the People’s Republic of China (“China”), Kevin’s hand became entrapped in and was injured by the escalator. As a result of the accident, Kevin required several surgeries, each requiring a hospital stay.
The escalator at issue is a China Tianjin Otis Elevator Company, Ltd. (“CTOEC”) model E510 and was produced by the Tianjin Otis factory. CTOEC sold the escalator to the Changzhou Municipal Zonglu District Trade Bureau in April 1997. The installation of the escalator took place between December 1997 and March 1998 by a third party, Liyang Shuda Elevator Engineering Corporation, which had been hired by CTOEC’s Wuxi Branch.
The trade name “OTIS” appears on the subject escalator. Otis itself is a wholly-owned subsidiary of United Technologies Corporation. It is incorporated in New Jersey and has its principal place of business in Connecticut.
CTOEC was established in 1984 as a joint venture among three entities: Tianjin Elevator, Otis, and China International Trust & Investment Corporation Development Co., Ltd. (CITIC). The ownership interests were 65%, 30%, and 5% respectively. In March 1994, Otis transferred its ownership interest in CTOEC to a subsidiary, Otis Far East Holdings Company (“OFEH”), resulting in an ownership structure as follows: 51% by OFEH, 45.43% by Tianjin Elevator, and 3.57% by CITIC. OFEH had been incorporated in 1991, and is a Chinese company with its principal place of business in Hong Kong. Currently, CTOEC is wholly-owned by a Chinese holding company that is owned by two entities (OFEH and Tianjin Elevator). Otis retains 0.00000001% interest in OFEH and has no ownership interest in Tianjin Elevator.
Flohr-Otis GmbH (“Flohr-Otis”) formed in July 1951 through a merger of Carl Flohr GmbH, a subsidiary of Demang AG, and Otis Aufzugswerke GmbH, a subsidiary of Otis. Demang AG and Otis owned equal shares of Flohr-Otis. In October 1969, both Demang AG and Otis sold their entire interests to Otis Europe S.A. The company was renamed Otis GmbH in December 1989. Otis GmbH remains owned by Otis Europe S.A., not Otis.
In November 1984, CTOEC and Otis entered into a Technical Cooperation Agreement (“TCA”) for the transfer of Otis’s elevator and escalator technology to CTOEC. Otis provided and granted CTOEC “the exclusive right to use Otis’s Know-How” in China. This “Know-How” includes “(a) engineering and product design drawings, data, information; (b) process, production, installation, maintenance, testing, and inspection methods; (c) quality standards; (d) factory and general management methods; and (e) any other data, documents and information owned and furnished by Otis in accordance with the Technical Annex.” The March 1994 Second Amendment to the joint venture contract modified the TCA “to provide additional high technology to be introduced into CTOEC. Specifically, the E510 escalator . . . technology will be transferred to CTOEC.”
Otis is the owner of the design used to manufacture the E510 escalator. The E510 was manufactured in Germany by Flohr-Otis in 1989. The Project Terms of Reference, organized to assist in the technology transfer from Otis to CTOEC, states that the escalator manufacturing strategy will incorporate the transfer *288 of technology from Otis. CTOEC directly contacted Flohr-Otis’s German factory for problems encountered during the technology transfer. Additionally, CTOEC dispatched people to go to Flohr-Otis for face-to-face discussions regarding the technology transfer.
DISCUSSION
I. Summary Judgment Standard
The court will grant summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). The purpose of summary judgment is “to decide cases where there are no issues of material fact without the needless expense and delay of trial followed by a directed verdict.” See Correllas v. Viveiros, 410 Mass. 314, 317 (1991). The moving party who does not bear the burden of proof at trial can meet its initial burden by affirmatively establishing that the non-moving party cannot meet an essential element of its burden at trial, either by negating an essential element of the non-movant’s claim or by demonstrating that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacalis v. General Motors Corp., 410 Mass. 706, 716 (1991). The opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists. See Mass.R.Civ.P. 56(e). The court should not weigh evidence, assess credibility, or find facts; it may only consider undisputed material facts and apply them to the law. Kelley v. Rossi, 395 Mass. 659, 663 (1985); Attorney Gen. v. Bailey, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982), quoting Hub Assocs. v. Goode, 357 Mass. 449, 451 (1970) (“[T]he court does not ‘pass upon the . . . weight of the evidence [or] make [its] own decision of facts’ ”). The court must view the facts in the light most favorable to the non-moving party. See Cornelias, 410 Mass. at316-17; G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
Rule 56(a) permits adjudication of all or any part of a claim. See Mass.RCiv.P. 56(a). Additionally, a “court may make an order of partial summary judgment if there are facts that appear without substantial controversy . . .” See Mass.RCiv.P. 56(d); Deleon v. Oteri, 7 Mass. L. Rptr. 217 (Brassard, J. 1997). Rule 56(d), however, “is not to be viewed as a device to obtain adjudications of non-dispositive fact issues.” See SFM Corp. v. Sundstrand Corp., 102 F.R.D. 555, 558 (N.D.Ill. 1984); Yale Transport Corp. v. Yellow Truck & Coach Manufacturing Co., 3 F.R.D. 440, 441 (S.D.N.Y. 1944) (The rule does not “authorize the initiation of motions the sole object of which is to adjudicate issues of fact which are not dispositive of any claim or part thereof’).
II. Otis Elevator Company’s Status as Manufacturer or Seller
The plaintiffs, citing Fahey v. Rockwell Graphic Systems, Inc., 90 Mass.App.Ct. 642, 650-51 (1985), claim that, as a matter of law, Otis is liable as a manufacturer or seller because its trademark appeared on the escalator and it supplied the design for the escalator. In Fahey, the plaintiff brought negligence and breach of warranty claims against the manufacturer and distributor of a printing press. The plaintiffs arm was crushed in the press after a guard, designed to shield a nip point on the press, had been removed by the plaintiff some weeks before the incident. Although the guard was effective, its usage decreased productivity. To increase the speed in which the plaintiff could change the plates on the press, the plaintiff removed the guard. At the close of the plaintiffs case, the judge entered directed verdicts for the defendants. On appeal, the Appeals Court alluded to the proposition that a manufacturer may be held liable through the appearance of its trademark on the product. See Fahey, 20 Mass.App.Ct. at 651; Smith v. Ariens Co., 375 Mass. 620 (1978) (“If a defendant’s name is registered as a trademark or is a trade name, the appearance of that name on the product in question is sufficient to identify the defendant as the manufacturer”).[5] The Court, however, did not conclude that the trial judge should have ruled as a matter of law that the distributor-defendant was the manufacturer of the press. Instead, the Court found that “the evidence was sufficient to provide a basis for the jury to find that [the distributor] put the press out as its own product. . .” Fahey, 20 Mass.App.Ct. at 651. In short, the Court “determined . . . that there was sufficient evidence to take the case to the jury on design negligence.” Id. at 652.
As in Fahey, the facts indicate that the issue of who manufactured the escalator is one for a fact finder to decide. It is undisputed that the “OTIS” trademark appears on the escalator, but this is evidence which should properly be before a jury for it to determine if the presence of the trademark actually indicates Otis’s status. See Fahey, 20 Mass.App.Ct. at 651. Such evidence is sufficient for a fact finder to conclude that Otis is the manufacturer, but does not demand such a ruling by the Court. See Fahey, 90 Mass.App.Ct. at 651-52.
The other authority relied on by the plaintiffs likewise offers no help. For example, in Mello v. K-Mart Corp., 604 F.Sup. 769, 770 (D.Mass. 1985), the plaintiff alleged that a six-ton hydraulic jack, designed, manufactured, and marketed by the defendants, seriously injured him. Evidence of K-Mart’s supposed liability was based on photographs proffered by the plaintiff showing the “K-Mart” name on both the jack, its packaging, and its container. Mello, 604 F.Sup. at 773. After acknowledging that “one who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer,”[6] the court concluded, “there clearly exists a question of fact as to whether the words appearing on the jack and its container would convey to a consumer the impression that the device was *289 manufactured either by K-Mart or especially for K-Mart by another company.” Id. at 774. The resolution of this factual issue precluded a grant of summary judgment. Id.
The plaintiffs also cite authority from other jurisdictions to bolster the proposition that a licensor who actively participates in the design of a product will be held liable for injuries caused by that product. See Plaintiffs Motion for Summary Judgment on Defendant Otis Elevator Company’s Status As a Manufacturer or Seller of the Subject Escalator at 15-16. Recognizing that these cases are not controlling, the authorities merely reiterate the potential liability of a trademark licensor. None back the plaintiffs contention that the question of who is the manufacturer or seller of a product should be taken away from the fact finder when there is evidence on both sides of the contested issue.
Otis contends that the actual design, sale, manufacture or distribution of the escalator was undertaken by its subsidiaries, described by Otis as “separate entities.” There is a genuine issue of material fact as to whether Otis is the manufacturer or seller of the E510 escalator at issue. Any determination of Otis’s status at this stage would not be dispositive of the plaintiffs’ claim, because the plaintiffs would still have to prove that the escalator was defective and that the particular defect caused the injury to Kevin. See SFM Corp., 102 F.R.D. at 558 (N.D.I11. 1984). The issue is one of material fact which must be determined by a fact finder at trial.
ORDER
Therefore, it is ORDERED that Plaintiff, Kevin Lou’s, Motion for Summary Judgment is DENIED.

Although the plaintiffs continuously reiterate that they seek to hold Otis strictly liable for the injuries to Kevin, such a theory of liability does not exist per se in Massachusetts. See Plaintiffs’ Reply to Otis’s Opposition to Plaintiffs’ Motion for Summary Judgment at 20; Guzman v. Mrm/Elgin, 409 Mass. 563, 569 (1991) (“In Massachusetts, there is no strict liability in tort apart from liability for breach of warranty under the Uniform Commercial Code”) (internal quotations omitted).

This is the plaintiffs’ second motion for summary judgment on an issue in this case. The Plaintiffs Motion for Summary Judgment on Liability Only was denied on October 7, 2004 (Agnes, J.). Specifically, the Court found that the “plaintiff has not met his burden of demonstrating that there exist no genuine issues of material fact to be decided at trial regarding ‘substantial participation,’ product defect, and causation.”

In Smith, 375 Mass. at 623, the' court noted that the presence of a trade name is sufficientto identify the defendant as the manufacturer, but recognized that “the defendant may introduce evidence indicating that it is not the manufacturer of the particular product...” In this case, the defendant, Otis, has presented evidence denying it manufactured the escalator at issue, thus creating a genuine issue of material fact.

The plaintiffs cite similar language in Laaperi v. Sears Roebuck & Co., Inc., 787 F.2d 726, 729, n.2 (1st Cir. 1986), and an unpublished Appeals Court decision, Scialdone v. Nat’l Crane Corp., 53 Mass.App.Ct. 1108.