**Robert J. MENDENHALL, et al., Plaintiffs,**

v.

**BARBER–GREENE COMPANY, Defendant.**

**No. 80 C 6747.**

United States District Court,
N. D. Illinois, E. D.

Dec. 7, 1981.

Jerry J. Dunlap, Gary Patterson, Dunlap & Codding, Oklahoma City, Okl., for plaintiffs.

Clarence J. Fleming, McDougall, Hersh & Scott, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In this patent infringement action defendant Barber-Greene Company ("Barber-Greene") seeks an order under Fed.R.Civ.P. ("Rule") 56(d) limiting the filing dates of the two patents in suit. Barber-Greene's motion poses the question whether the patents in suit are entitled to the earlier filing dates of either or both of two prior patents issued to plaintiff Robert Mendenhall

---

**948**

("Mendenhall").[1]  For the reasons stated in this memorandum opinion and order, Barber-Greene's motion is denied.

Rule 56(d) is not an independent provision permitting the singling out of limited issues on which the Court's advice may be obtained.  It is solely an adjunct to Rules 56(a) to (c) under which a party may move for summary judgment as to all or part of a claim.[2]  If such a Rule 56 motion is unsuccessful but in the course of decision the Court determines that "material facts exist without controversy," Rule 56(d) then directs that the Court enter "an order specifying the facts that appear without substantial controversy."

Indeed this case is illustrative of the reason for the Rule's structuring.  Barber-Greene and its adversaries do not agree whether the filing dates are "material facts"—or more accurately, whether Barber-Greene has proved that they are.  That question depends on *other* issues not ripe for decision because all the facts are not before the Court.[3]  This Court cannot determine whether the "material facts" standard of Rule 56(d) has been met.  It will not of course render an advisory opinion both because of that Rule 56(d) standard and for Article III and prudential reasons.

Had Barber-Greene filed a Rule 56(a) motion *all* the issues would be before the Court with full information necessary to determine whether or not a Rule 56(d) order as to the filing dates is appropriate.  Barber-Greene has not done so.  Rule 56(d) was not intended for the use to which Barber-Greene attempts to put it.

As indicated at the outset of this memorandum opinion, Barber-Greene's motion is denied.  This opinion does not of course express any views on the merits, nor does it foreclose renewal of the request for the same relief as and when it becomes ripe for presentation.

---

1.  CMI Corporation, the other plaintiff, is Mendenhall's exclusive licensee of the patents in suit.

2.  Rule 56(d) begins, "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary. . . ."

---

3.  Barber-Greene refers to its contemporaneous motion under Rule 37(a) to flesh out the facts here.  However the parties' briefing of that motion also reflects the same dispute as to whether the filing dates are "material."