Ronald D. WARNER, C.P.A., Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 88–8065–CIV.

United States District Court,
S.D. Florida.

Sept. 26, 1988.

Harold E. Wolfe, Jr., West Palm Beach, Fla., for plaintiff.

John B. Consevage, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

PAINE, District Judge.

This cause comes before the court upon Plaintiff's, RONALD D. WARNER, C.P.A., Motion for Partial Summary Judgment (DE 12) and his Motion for Protective Order (DE 18). Having reviewed the file and the relevant authorities, the court enters the following order.

### Facts

On February 18, 1988, the Plaintiff filed a two count complaint in which he seeks judgment against the Defendant, UNITED STATES OF AMERICA, for the return of civil penalties assessed against him by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 6701 and the abatement of similar penalties assessed but not yet paid. He also seeks an award of reasonable costs of litigation pursuant to 26 U.S.C. § 7430. The penalties relate to certain income tax returns prepared by the Plaintiff for George T. and Nancy Kelly and Village Home Builders, Inc., a Florida corporation in which George Kelly is the principal stockholder.

### Motion for Summary Judgment

Plaintiff has consistently argued throughout the pleadings that the penalties imposed by the IRS are improper because it cannot show that the Plaintiff himself aided or assisted the Kellys in the preparation or presentation of false or fraudulent tax documents or that he directed a subordinate to do so. The IRS, on the other hand, apparently believes that it is not necessary for it to show that the Plaintiff was knowingly involved in the preparation of false or fraudulent documents. Rather, the IRS asserts that it need only show that Plaintiff knew that the tax documents would result in an understatement of the tax liability of the Kellys. These again are the essential arguments set forth in the Plaintiff's Motion and reply brief (DE 12 & 17) and Defendant's Opposition (DE 16).

Plaintiff's Motion, styled "Partial Motion for Summary Judgment", left both the court and the Defendant rather confused as to what relief is actually sought by the Plaintiff. Plaintiff appears to seek judgment on the ultimate issue of his liability. The Brief in Support of his motion states that "he is entitled to partial summary judgment as a matter of law on the legal issues raised herein and requests that the Court determine that the penalties imposed against the Plaintiff under Section 6701 of the Internal Revenue Code were improper and thus constitute income tax penalties collected without authority...." (DE 13 at 15). However, the entire body of the Plaintiff's Motion and Brief discuss only a purely legal question on which he seeks the court's determination. The supporting brief sets forth a well reasoned and persuasive discussion of the basis for Plaintiff's belief that § 6701 penalties should be imposed only if the IRS can demonstrate that Plaintiff prepared a false or fraudulent document under the tax laws.

Plaintiff's Response Brief to Defendant's Opposition (DE 17) clarifies his request somewhat. Plaintiff states that he "seeks (i) an interlocutory summary adjudication' under Rule 56(c) on the issue of liability ... or, (ii) in the alternative, if the Court declines a Rule 56(c) determination on the liability issue, requests that the Court enter a Rule 56(d) order...." (DE 17 at 3)

A party may not make an independent Rule 56(d) motion. *SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555, 558 (N.D.Ill. 1984). *See also Arado v. Geberal Fire Extinguisher Corp.*, 626 F.Supp. 506, 508–09 (N.D.Ill.1985); *Capitol Records, Inc. v. Progress Record Distrib.*, 106 F.R.D. 25,

29–30 (N.D.Ill.1985); *Oberweis Dairy v. Associated Milk Producers, Inc.,* 553 F.Supp. 962, 970–71 (N.D.Ill.1982); *Mendenhall v. Barber–Greene Co.,* 531 F.Supp. 947, 948 (N.D.Ill.1981). Nor may Rule 56(d) be used to single out limited issues on which the court's advice may be obtained. *Wetherill v. University of Chicago,* 548 F.Supp. 66, 67 n. 3 (1982); *Mendenhall,* 531 F.Supp. at 948. Rather, Rule 56 is ancillary to a motion for summary judgment and designed to " 'salvage some results from the judicial effort involved in the denial of a motion for summary judgment.' " 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2737 (quoting *Yale Transp. Corp. v. Yellow Truck & Coach Mfg. Co.,* 3 F.R.D. 440, 441 (D.C.N.Y.1944)); *SFM Corp.,* 102 F.R.D. at 558 ("[S]ummary judgment must be brought pursuant to Rule 56(a) or 56(b) and must be reasonably justified under 56(c)." *Id.*); *Arado,* 626 F.Supp. at 509; *Capitol Records, Inc.,* 106 F.R.D. at 29. "Rule 56(d) provides a method whereby a court can narrow issues and facts for trial after denying in whole or part a motion properly brought under Rule 56's other provisions . . . ." *Capitol Records, Inc.,* 106 F.R.D. at 29. The court may enter an order pursuant to Rule 56(d) which frames and narrows triable issues if it finds that such an order would be helpful to advance the progress of the litigation. *Id.* Therefore, the court must first determine whether the Plaintiff is entitled to succeed on his Motion as to liability pursuant to Rules 56(a) and (c). In the event that Plaintiff's motion does not result in a judgment for all the relief requested, the court will then consider whether an order in accordance with Rule 56(d) will be beneficial.

On a motion for summary judgment, the moving party will prevail if "there is no issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact. *American Viking Contractors, Inc. v. Scribner Equipment Co.,* 745 F.2d 1365, 1369 (11th Cir.1984). Once the moving par-

ty has sufficiently supported the motion, the party opposing summary judgment must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.,* 584 F.2d 111, 114 (5th Cir.1978). The question for the court is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson,* 14 Wall 442, 448, 20 L.Ed. 867 (1872) (emphasis in original)). The court may enter summary judgment against the non-moving party if he or she "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Failure to establish an essential element necessarily renders all other facts immaterial, leading to the conclusion that there is no genuine issue of material fact. *Id.* The moving party is then entitled to judgment as a matter of law because the opposing party has failed to establish an essential element with respect to which he or she has the burden of proof. *Id.*

Plaintiff appears to argue that since the parties have stipulated that the burden of proof is to be carried by the defendant in this case, that he need do nothing affirmative to prevail upon his motion for summary judgment. Further, Plaintiff argues in his Response Brief to Defendant's Opposition, he should prevail because Defendant has relied on "the mere formal denials and unsupported allegations of his pleading." Plaintiff ignores his own burden at the summary judgment stage which remains as stated above regardless of Defendant's burden of proof at trial. Plaintiff must demonstrate that there is no genuine dispute as to any material fact. *American Viking Contractors, Inc.,* 745 F.2d at 1369. Once Plaintiff has sufficiently supported

the motion, then Defendant must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson,* 584 F.2d at 114. Even if the legal issue which Plaintiff requests the court to consider were already determined, Plaintiff has not provided sufficient factual material to enable court to find that no genuine issue of fact exists despite Defendant's failure to provide evidentiary support for its opposition. The court finds Plaintiff's excuse for failure to provide a Local Rule 10J.2 statement of undisputed material facts confusing and unpersuasive. Plaintiff's ability to provide such a list certainly does not depend upon Defendant's carrying the burden of proof at trial nor its failure to commence discovery or provide Plaintiff with information. However, as will be discussed shortly, the court does not find that Plaintiff's failure to support his motion factually is totally without explanation. Since the court cannot find that there is no genuine issue of fact regarding Plaintiff's liability based on the evidence presently before it, the Motion for Partial Summary Judgment is denied.

The court agrees with Plaintiff that the legal question of the standard of proof to which Defendant will be held in this case is a threshold issue which should be determined. Without establishing such standard, either party is hard pressed to formulate a proper argument for purposes of a motion for summary judgment because he has little means by which to determine which facts are material. Therefore the court finds that an order pursuant to Rule 56(d) is appropriate. A determination with respect to the legal issue raised by the Plaintiff at this stage would serve to narrow the issues in the case, advance the progress of the litigation and provide the parties with some guidance in how they proceed with the case. *See Wetherill,* 548 F.Supp. at 67 n. 3; *Venuti v. Riordan,* 521 F.Supp. 1027 (D.Mass.1981).

Unfortunately for both the parties and the court, there is virtually no case law to guide us in determining whether the government must prove that a false or fraudulent document was prepared or presented before it may impose § 6701 penalties. Two cases have implicitly found that a false or fraudulent document standard should be used. *Sansom v. United States,* 62 A.F.T.R.2d 88–5304 (N.D.Fla. 1988); *Kuchan v. United States,* 679 F.Supp. 764 (N.D.Ill.1988). Although neither have expressly found the terms of the statute ambiguous, both cases have resorted to the legislative history of § 6701 in their interpretations of the statute. *Sansom,* 62 A.F.T.R.2d at 88–5307–08; *Kuchan,* 679 F.Supp. at 769. In interpreting the meaning of a statute or statutory provision, the court should not resort to analysis of the legislative history unless its words are ambiguous. *United States v. Public Util. Comm'n,* 345 U.S. 295, 315, 73 S.Ct. 706, 717–18, 97 L.Ed. 1020 (1953); *Stanley v. Commissioner of Internal Revenue,* 40 T.C. 851 (1963) [available on WESTLAW, 1963 WL 1556]; *Brewer–Fay Invest. Co. v. Commissioner of Internal Revenue,* 39 T.C. 894 (1963).

26 U.S.C. § 6701 was added to the Internal Revenue Code as part of the Tax Equity and Fiscal Responsibility Act of 1982, P.L. 97–248, 96 Stat. 324, 97th Cong.2d Sess. 1982. Section 6701(a) provides as follows:

(a) **Imposition of penalty.** —Any person—

(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document in connection with any material matter arising under the internal revenue laws,

(2) who knows that such portion will be used in connection with any material matter arising under the internal revenue laws, and

(3) who knows that such portion (if so used) will result in an understatement of the liability for tax of another person,

shall pay a penalty with respect to each such document....

In *Sansom,* the court, noting that it was dealing with a case of first impression, looked both to the legislative history and the code's overall civil penalty scheme in

interpreting the standard necessary to prove the scienter element of § 6701(a). The internal revenue code provides for a gradation in the civil penalties imposed which relates to the level of scienter required for liability under the particular section. *See Sansom,* 62 A.F.T.R.2d at 88–5309. 26 U.S.C.A. § 6694(a) provides for a $100 penalty if understatement of tax liability is a result of negligent behavior or intentional disregard of rules and regulations. Section 6694(b) imposes a fine of $500 if the understatement is "willful".[1] The statute at issue in this case imposes the largest civil penalties of all, $1000 per document if related to an individual and $10,000 per document if related to the tax liability of a corporation. 26 U.S.C. 6701(b). Finally, § 7206 imposes criminal penalties upon one who "willfully aids or assists in ... the preparation or presentation ... of a return, affidavit, claim, or other document which is fraudulent or false as to any material matter...."

The *Sansom* court found this arrangement of penalties, in conjunction with the "knowing" language of § 6701(a), as an indication that the government must be held to the most stringent level of proof with respect to the scienter element of § 6701, as compared to the other civil penalty provisions. The array of civil penalties provided in the code is also useful in analyzing the standard of proof being considered here. The gradation of penalties, taken together with the similarity between §§ 6701(a) and 7206(2), could reasonably lead to the conclusion, without resort to legislative history, that a false or fraudulent document standard should apply to § 6701(a).

■ When considered alone, the terms of § 6701(a)(3) appear unambiguous. However, when § 6701(a)(3) is considered in the context of the internal revenue code's overall penalty scheme, especially in relation to § 7206(2), the meaning of the words "who knows that such portion (if so used) will result in an understatement of the liability

for tax of another person" are not so crystal clear as the Defendant would like to argue (DE 16 at 12). The court finds that under the circumstances it is proper to consider the legislative history of § 6701 in determining the applicable standard of proof required of the government in this case.

■ In discussing the purpose behind the enactment of § 6701, the Senate Finance Committee stated as follows:

The committee believes that a new civil penalty analogous to the criminal penalty for aiding and abetting in the preparation or presentation of a false return or document is necessary for the [sic] four reasons. First, the penalty will permit more effective enforcement of the tax laws by discouraging those who would aid others in the *fraudulent* underpayment of their tax. Second, it is inappropriate to impose sizeable civil fraud penalties on taxpayers but allow the advisors who aid or assist the underpayment of tax to escape civil sanctions. Third, the committee recognizes that certain types of conduct should be penalized but are not so abhorrent as to suggest criminal; prosecution. Finally, the committee believes that the new penalty will help protect taxpayers from advisors who seek to profit by leading innocent taxpayers into *fraudulent* conduct.

\* \* \* \* \* \*

No person will be subject to this penalty unless that person is directly involved in aiding or assisting in the preparation or presentation of a *false or fraudulent* document under the tax laws or directly procures a subordinate to do any act punishable under this provision.... (emphasis supplied)

1982 U.S.Code Cong. and Adm.News, Vol. 2, at 1022. The language of the committee report plainly indicates an intent to impose § 6701 civil penalties only if the tax preparer aids or assists in the preparation or presentation of a false or fraudulent tax

---

1. The eleventh circuit has interpreted the term "willful", as found in § 6694(b) to require a showing of falsehoods knowingly perpetrated by the preparer. *United States v. Ernst & Whinney,* 735 F.2d 1296, 1304 (11th Cir.1984).

document. The court in *Sansom* also reached this conclusion, although it was not necessary to the decision in that case. *Sansom*, 62 A.F.T.R.2d at 88–5308, 88–5309 ("[T]he overriding interest in enacting Section 6701 was to deter the filing of fraudulent or false tax returns." *Id.* at 88–5308. "Requiring actual knowledge is consistent with the legislative purpose of deterring the filing of *fraudulent* tax returns." (emphasis in original) *Id.* at 88–5309.). Additionally, § 6701 penalties will not be imposed as to a particular tax document if other return preparer penalties also apply to that document. 1982 U.S.Code Cong. and Adm.News, Vol. 2, at 1023. Therefore, the penalty does not apply in situations where the preparer could also be charged with negligence, 26 U.S.C. § 6694(a), or willful understatement of tax liability, 26 U.S.C. § 6694(b). This indicates to the court the § 6701(a) is more closely akin to § 7206(2) which clearly requires falsity or fraudulence as an element of proof. Also, based upon the distinctions made in the array of civil penalties between negligence, willful understatement and knowing understatement, the court does not see how an opposite conclusion could be reached. If the preparer *knows* that use of the tax document as prepared will result in an understatement of tax liability, must not the document necessarily be false or fraudulent?

Based upon all of the foregoing, the court finds that the scienter element of § 6701(a)(3) requires the Defendant to show that the Plaintiff was directly involved in aiding or assisting in the preparation or presentation of a false or fraudulent document under the tax laws or directly procured a subordinate to do so.[2]

Although after having made the above finding, a determination of the degree of proof required of the Defendant would be helpful as a part of this Rule 56(d) order, the court will defer ruling on the issue. It is clear from the interoffice memorandum drafted by Ms. Zoila Menendez of the Internal Revenue Service (DE 13 at 1–1) that the

Defendant is of the belief that it need only sustain its burden of proof by a preponderance of the evidence. Plaintiff's argument in favor of a clear and convincing standard did not occur until its reply to Defendant's Opposition. The court finds that it will be more appropriate to resolve this issue at a time when the Defendant has had an opportunity to research and present its position more fully.

### Motion for Protective Order

The thrust of Plaintiff's Motion for Protective Order (DE 18) is that the taking of certain depositions before the court's ruling on his Motion for Partial Summary Judgment would be unduly burdensome and prejudicial to him. As the court has made a ruling on his Motion for Partial Summary Judgment and determined the issue which he argued was central to his need for a protective order, the Motion for Protective Order (DE 18) is denied as moot.

In view of all of the foregoing, it is hereby

ORDERED and ADJUDGED that

(1) Plaintiff's, RONALD D. WARNER, C.P.A., Motion for Partial Summary Judgment (DE 12) is DENIED;

(2) an order pursuant to Rule 56(d) of the federal Rules of Civil Procedure will serve to narrow the issues in the case, advance the progress of the litigation and provide the parties with some guidance in how they proceed with the case. Accordingly the court finds that the scienter element of § 6701(a)(3) requires the Defendant to show that the Plaintiff was directly involved in aiding or assisting in the preparation or presentation of a false or fraudulent document under the tax laws or directly procured a subordinate to do so;

(3) Plaintiff's, RONALD D. WARNER, C.P.A., Motion for Protective Order (DE 18) is DENIED.

---

**2.** This determination having made, it would be entirely appropriate for the Plaintiff to make a renewed motion for summary judgment on the basis of their being no genuine issue to try or for Defendant to make an original motion for summary judgment.