**T. Leon CHESHIRE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. 96–D–1258–S.**

United States District Court,
M.D. Alabama,
Southern Division.

Oct. 22, 1997.

L. Drew Redden, Birmingham, AL, William W. Hinesley, G. David Johnston, Dothan, AL, for Plaintiff.

Redding Pitt, U.S. Atty, Leura J. Garrett, Asst. U.S. Atty., Cynthia L. Stier, Brian L. Schwalb, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff T. Leon Cheshire's Motion for Summary Judgment, filed June 13, 1997, and supporting Memorandum Brief, filed October 3, 1997. The Defendant, The United States of America, filed a Brief in opposition October 9, 1997. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole,

the court finds that Plaintiff's Motion is due to be denied.

## JURISDICTION

The court properly exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1346(a)(1). The parties do not contest personal jurisdiction or venue.

## STANDARD OF REVIEW

On a motion for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *see also Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323. Once this initial demonstration under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *see also* Fed.R.Civ.P. 56(e).

In meeting this burden, the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita,* 475 U.S. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.; see also Anderson,* 477 U.S. at 249.

## STATEMENT OF FACTS

Plaintiff T. Leon Cheshire ("Plaintiff") is a certified public accountant ("CPA") who has practiced in the Dothan, Alabama area since 1974. Plaintiff's accounting firm began working for Cherokee Construction Company ("Cherokee") in 1991, and performed audits for Cherokee from 1991 through 1994. Prior to this time period, up to and including the calendar tax-year ending December 31, 1990, financial audits and corporate tax returns for Cherokee were prepared by Brenda Burnett, CPA.

In April, 1992, Plaintiff and Selinda B. McNab, another CPA in Plaintiff's firm, began an on-site financial audit of Cherokee for the calendar year 1991. During the course of this audit, or some time thereafter, Plaintiff made several changes to a work sheet which had been prepared by Brenda Burnett. In addition to altering this document, Plain-

tiff changed certain dates on a request for payment form.[1]

In May of 1992, Internal Revenue Service ("IRS") Agent Angela F. Davis began a tax audit ("Audit") of Cherokee based on the 1990 taxes and corporate tax return. During the course of the Audit, an issue arose concerning whether Cherokee should use the "cash" method of accounting, the "percentage of completion" method, or the "completed contract" method for tax purposes. Davis and Plaintiff compromised on the "completed contract" method of accounting, and Plaintiff submitted a document with a computation of the tax liability of Cherokee for the 1990 year under this method.[2] Upon review of the Summary Document, Davis requested documentation to substantiate certain calculations that appeared therein. Plaintiff provided the Altered Documents in response to this request.

Davis initially agreed to the payment of a $72,536.00 tax deficiency, plus interest, based on Plaintiff's proposed calculations of Cherokee's "completed contract" tax liability contained in the Summary Document. This computation was based, in part, on the inclusion of a construction project for the Houston County HealthCare Authority (also known as the "Southeast Alabama Medical Center" or "SAMC" project) as a "completed contract" in the 1991 tax year. Upon reexamination of the calculations, however, Davis reallocated the SAMC project to the 1990 tax year. This reallocation resulted in a shift of approximately $106,000.00 from 1991 to 1990.

On March 11, 1994, the IRS assessed a $10,000.00 penalty against the Plaintiff under 26 U.S.C. § 6701. The Plaintiff payed this assessed penalty between April of 1994 and August of 1995. On April 7, 1994, the Plaintiff filed an administrative claim with the IRS seeking a refund and abatement, which was denied on August 22, 1994. Plaintiff filed a second administrative claim on July 26, 1995,

which was denied by the IRS on August 2, 1995. Plaintiff then filed his Complaint with this court on August 15, 1995, alleging that the disallowance of his claim for refund was illegal or erroneous. Plaintiff now moves the court to enter summary judgment in his favor, contending that there is no genuine issue as to any material fact and that Defendant is unable to establish a prima facie case under 26 U.S.C. § 6701.

## DISCUSSION

The IRS assessed a $10,000.00 penalty against the Plaintiff, which was paid, together with interest, between April of 1994 and August of 1995. The statute under which the penalty was assessed is 26 U.S.C. § 6701. This statute provides, in pertinent part, as follows:

(a) Imposition of penalty.—Any person—

(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,

(2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and

(3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person,

shall pay a penalty with respect to each such document in the amount determined under subsection (b).

26 U.S.C.A. § 6701(a) (1989 & Supp.1997). Plaintiff now seeks recovery of his $10,000.00 fine, plus interest, and attorney's fees.

■ The burden of proof is ordinarily on the government in an action brought for the recovery of penalties under § 6701.[3] 26 U.S.C.A. § 6703(a) (1989). For purposes of this motion, however, the burden is initially

---

1. These documents will collectively be referred to as the "Altered Documents" throughout this Opinion.

2. This document, entitled "Cherokee Construction Co., Inc. Income Tax Adjustments 1990," will be referred to as the "Summary Document" throughout this Opinion. (Cheshire Dep. Ex. 7; Pl.'s Br. in Supp.Mot.Summ.J. at 2.)

3. Plaintiff argues that the Government must bear the burden of proving these elements by "clear and convincing" evidence. Defendant argues that its burden is "preponderance of the evidence." For purposes of this order, the court will address the factual issues in light of the more stringent, "clear and convincing," standard. This issue, pursuant to the court's oral Order at the October 14, 1997, Pretrial Hearing, is to be fully briefed prior to trial.

borne by the Plaintiff to demonstrate the lack of a triable issue of fact.

## I. 26 U.S.C. § 6701(a)(1)

■ Plaintiff has failed to establish that there is no genuine issue of material fact as to the first element of proof under 6701(a). 26 U.S.C.A. § 6701(a)(1). Plaintiff admits that he made changes to the Altered Documents and later submitted these documents to IRS agent Davis in connection with the 1991 audit. (Dep. of T. Leon Cheshire, Suppl. to Pl.'s Mot.Summ.J. at 8–9 ("Cheshire Dep."); Pl.'s Br. in Supp.Mot.Summ.J. at 1–2.) Furthermore, Plaintiff prepared the Summary Document for Davis' use in conjunction with the 1991 audit and then presented it to her. (Cheshire Dep. at 69; Decl. of Angela Davis, Ex. A to Def.'s Opp. to Pl.'s Mot.Summ.J. at ¶ 3.) Thus, under § 6701(a)(1), Plaintiff aided and assisted in both the preparation and presentation[4] of documents. 26 U.S.C.A. § 6701(a)(1).

## II. 26 U.S.C. § 6701(a)(2)

■ Turning to the requirements of § 6701(a)(2), the court finds that there is also a material issue of fact as to whether Plaintiff knew (or had reason to believe) that the Altered Documents and Summary Document would be used in connection with a material matter under the internal revenue laws. 26 U.S.C.A. § 6701(a)(2). Plaintiff argues that the changes to the documents were clearly made prior to the commencement of the Audit. (Pl.'s Br. in Supp.Mot.Summ.J. at 3–4 .) Plaintiff thus urges the court to enter summary judgment on his behalf on the question of when the changes to the Altered Documents occurred. (Pl.'s Br. in Supp.Mot. Summ.J. at 4.)

The court construes this assertion as being offered to prove that Plaintiff lacked knowledge, under § 6701(a)(2), that the documents would be used in a material matter.[5] 26 U.S.C.A. § 6701(a)(2). In other words,

Plaintiff is arguing that he could not have known that the documents would be "used in connection with any material matter arising under the internal revenue laws," because he did not have knowledge, at the time the Altered Documents were changed, that they would later be presented in connection with the Audit. 26 U.S.C.A. § 6701(a)(2). As Defendant correctly points out, however, the first element under § 6701 indicates that an individual may be liable *either* for "preparing or presenting" a document. 26 U.S.C.A. § 6701(a)(1); (Def.'s Opp. to Pl.'s Mot. Summ.J. at 11 n. 4.). Thus, evidence tending to indicate that the Altered Documents were changed prior to the commencement of the Audit would not be dispositive of the knowledge issue under § 6701(a)(2). Stated differently, just because Plaintiff may have lacked knowledge that the Altered Documents would be "used in connection with [a] material matter" at the time they were prepared does not indicate whether he lacked such knowledge when the documents were submitted. 26 U.S.C.A. § 6701(a)(2).

■ In addition, the court notes that, on its face, § 6701(a)(2) does not require knowledge that a document will be used in a material manner to arise at the same time that a document is prepared.[6] 26 U.S.C.A. § 6701(a)(2). Such knowledge might conceivably arise later, after an individual has aided in the preparation of a document, and liability under § 6701 might still attach. Thus, Plaintiff's argument that he could not have known that the Altered Documents would be used in connection with a material matter at the time that were changed does not, of itself, defeat § 6701 liability.

■ Furthermore, as Defendant points out, "Plaintiff cannot credibly contend that . . . he did not know such documents [the Altered Documents and the Summary Document] would be used 'in connection with a

---

4. "Presentation" under § 6701(a)(1) does not require that an individual actually *file* documents with the IRS. *See Kuchan v. United States,* 679 F.Supp. 764 (N.D.Ill.1988).

5. The Plaintiff may also be offering this evidence as proof of his lack of knowledge under § 6701(a)(3). *See* 26 U.S.C.A. § 6701(a)(3). As noted below, the court finds that summary judg-

ment is inappropriate as to § 6701(a)(3) at the present time. Accordingly, the court declines to address this evidence as it relates to § 6701(a)(3) in this Opinion.

6. The court has found no authority addressing the issue of whether § 6701(a)(2) requires that knowledge arise at the time a document is prepared.

material matter arising under the internal revenue laws.'" (Def.'s Opp. to Pl.'s Mot. Summ.J. at 3 (citing 26 U.S.C. § 6701(a)(2)).) The Summary Document was produced by Plaintiff for the sole purpose of supporting the "completed contracts" method which the parties settled on during the Audit. (Cheshire Dep. at 54; Dep. of Angela Davis, Suppl. to Pl.'s Mot.Summ.J. at 51–52 ("Davis Dep.").) When the Summary Document and Altered Documents were presented to Davis, Plaintiff knew that Cherokee was going to be placed on the "completed contracts" method of accounting for tax purposes, and that these documents would be used to support decisions regarding which construction jobs would be properly allocated to tax years 1990 and 1991. (Cheshire Dep. at 56–57.) A reasonable jury could thus infer that Plaintiff "had reason to know," if not actual knowledge, that the documents would be used in connection with a material matter.[7] Accordingly, the court finds that adequate evidence exists to support Defendant's burden of proof under § 6701(a)(2) and to survive this Motion for Summary Judgment.

### III. 26 U.S.C. § 6701(a)(3)

As its final element of proof, the Defendant must establish that Plaintiff knew that the Altered Documents and Summary Document, if used by Davis in the course of the Audit, would result in an understatement of Cherokee's tax liability. 26 U.S.C.A. § 6701(a)(3). Courts that have construed § 6701(a)(3) have differed on whether proof of an understatement requires the government to establish that the documents at issue were fraudulent.[8] It does appear, however, that the statute requires that the changes to documents be, at a minimum, false or incorrect in some way. *See, e.g., Mullikin v. United States,* 952 F.2d 920 (6th Cir.1991); *Bailey v. United States,* 927 F.Supp. 1274 (D.Ariz.1996); *Warner v. United States,* 698 F.Supp. 877 (S.D.Fla.1988); *In re Mitchell,* 109 B.R. 441 (Bankr.W.D.Wash.1990). In addition, as noted above, § 6701(a)(3) requires proof of actual knowledge on the part of the Plaintiff. 26 U.S.C.A. § 6701(a)(3); *Mattingly v. United States,* 924 F.2d 785 (8th Cir.1991); *Sansom v. U.S.,* 703 F.Supp. 1505 (N.D.Fla.1988); *In re Mitchell,* 109 B.R. 434 (Bankr.W.D.Wash.1989).

The parties were directed to fully brief the legal issues underlying § 6701(a)(3) at the Pretrial Conference held on October 14, 1997. Accordingly, the court finds that summary judgment at the present time, prior to a full exploration of the legal issues underlying § 6701(a)(3), is inappropriate.

### ORDER

For the foregoing reasons, it is CONSIDERED and ORDERED that the Plaintiff's Motion for Summary Judgment be and the same is hereby DENIED. The Clerk of the Court is hereby DIRECTED to transmit this order to all parties via facsimile and United States mail.

---

7. The court notes that proof of constructive knowledge is sufficient to meet the scienter requirement of § 6701(a)(2). 26 U.S.C. § 6701(a)(2). The language "or has reason to know" was added by the Omnibus Budget Reconciliation Act of 1989, effectively relaxing the knowledge requirement regarding materiality. *See* Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101–239, tit. VII, § 7735(a)(2), 103 Stat. 2106, 2403. In contrast, proof under 26 U.S.C. § 6701(a)(3) requires actual, not constructive, knowledge. *See* 26 U.S.C. § 6701(a)(3); *see also Mattingly v. United States,* 924 F.2d 785 (8th Cir.1991); *Sansom v. U.S.,* 703 F.Supp. 1505 (N.D.Fla.1988); *In re Mitchell,* 109 B.R. 434 (Bankr.W.D.Wash.1989).

8. The United States District Court for the Southern District of Florida has held that the scienter element of § 6701(a)(3) requires proof of a "false or fraudulent" document. *Warner v. United States,* 698 F.Supp. 877, 882 (S.D.Fla.1988). Other courts have disagreed with this construction of the statute. *Bailey v. United States,* 927 F.Supp. 1274, 1279 (D.Ariz.1996) (disagreeing with the *Warner* court's finding that § 6701(a)(3) requires proof of fraud and imposing instead a clear and convincing standard of proof); *see also Mattingly v. United States,* 924 F.2d 785, 788 (8th Cir.1991) (stating that § 6701 does not require proof of fraud or refer to the evasion of tax).