**UNITED STATES of America,**
**Plaintiff,**

v.

**PHILIP MORRIS USA, INC.,**
**f/k/a Philip Morris, Inc.**
**et al.  Defendants.**

**No.  CIV.A.99–2496(GK).**

United States District Court,
District of Columbia.

July 15, 2004.

City, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC, Ivan C. Smith, Scott C. Walker, Jones Day Reavis & Pogue, Columbus, OH, for R.J. Reynolds Tobacco Co.

C. Ian Anderson, Davis, Polk & Wardwell, New York City, Steven M. Barna, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Wachtell, Lipton, Rosen & Katz, New York City, Jeanna Maria Beck, Floyd E. Boone, Jr., Brian K. Esser, Murray R. Garnick, Michael R. Geske, Kevin M. Green, Peter Thomas Grossi, Jr., Ryan David Guilds, Nick Malhotra, Melissa L. Marglous, Duane J. Mauney, Amy L. McGinnis, Kendall Millard, Stacy J. Pollock, Amy Elizabeth Ralph, James Miller Rosenthal, Sharma Jnatel Simmons, Sharon L. Taylor, Jonathan Louis Stern, Anne McBride Walker, Leslie Wharton, Arnold & Porter, Washington, DC, Lauren J. Bernstein, Winston & Strawn, New York City, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Whorton & Garrison, New York City, Richard H. Burton, Cindy L. Gantnier Erik D. Nadolink, Patricia M. Schwarzschild, Hunton & Williams, Richmond, VA, Matthew Campbell, Jane R. Chang, Christopher J. Cullen, Jay L. Levine, Thomas M. Stimson, Winston & Strawn, LLP, Washington, DC, Ashley Cummings, Hunton & Williams, Atlanta, GA, Thomas J. Frederick, Elizabeth D. Jensen, Bradley E. Lerman, Luke A. Palese, Kevin J. Narko, Ricardo E. Ugarte, Jeffrey Wagner, Dan K. Webb, Winston & Strawn, Chicago, IL, Daniel C. Jordan, Hunton & Williams, McLean, VA, Alfred McDonnell, Arnold & Porter, Denver, CO, Seth Barrett Tillman, Newark, NJ, for Philip Morris USA, Inc., Altria Group, Inc.

David B. Alden, Randal S. Baringer, Paul Crist, Elizabeth P. Kessler, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, William M. Bailey, John Buchanan Williams, Collier, Shannon Scott, PLLC, Washington, DC, Peter John Biersteker, Karen O'Brien Hourigan, Patrick L. Hubbard, Robert Francis McDermott, Jr., Jonathan Redgrave, Paul Sommer Ryerson, Geoffrey T. Wright, Jones Day, Washington, DC, Harold K. Gordon, Jones, Day, Reavis & Pogue, New York

Kenneth N. Bass, Jason Beckerman, Karen McCartan DeSantis, Dawn D. Marchant, Kirkland & Ellis, Washington, DC, David M. Bernick, Michelle H. Browdy, Douglas G. Smith, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, Leign Ann Dowden, Dan H. Willoughby, King & Spalding, Atlanta, GA, William Charles Hendricks, III, Andrew Martin McCormack, King & Spalding, Washington, DC, Rebecca I. Ruby, Goodwin Procter, LLP, Paul Lamont McDonald, Philadelphia, PA, for Brown & Williamson Tobacco Corp.

Daniel R. Benson, Leoanrd A. Feiwus, Julie R. Fischer, Kasowitz, Benson, Torres, Friedman, L.L.P., New York City, Michael P. A. Cohen, Washington Lawyer's Committee, Washington, DC, for The Liggett Group, Inc.

Judah Best, Steven Klugman, Susan Louise Lyndrup, Bruce G. Merritt, Kevin C. Lombardi, Bruce G. Marritt, Debevoise & Plimpton, Washington, DC, Dennis H. Hranitzky, Steven S. Michaels, Joseph P. Moodhoe, David Runtz, Debevoise & Plimpton, New York City, for Council for Tobacco Research-USA Inc.

Timothy M. Broas, Robert M. Radar, Winston & Strawn, LLP, Washington, DC, Richard P. Cassetta, Thompson Coburn, LLP, St. Louis, MO, for Philip Morris USA, Inc., Altria Group, Inc., British American Tobacco (Investments) Ltd., Brown & William Tobacco Corp., Lorillard Tobacco Co., R.J. Reynolds Tobacco Co. Council for Tobacco Research-USA Inc., Tobacco Institute, Inc., Liggett Group, Inc.

Renee Brooker, U.S. Dept. of Justice Civ. Div., Washington, DC, Stephen Dudley Brody, U.S. Dept. of Justice, Tobacco Lit. Team, Washington, DC, Sharon Yvette Eubanks, J. patrick Glynn, U.S. Dept. of Justice, Washington, DC, for U.S.

Michael V. Corrigan, Demetra Frawley, Mary Elizabeth McGarry, Simpson Thacher & Bartlett, New York City, William

Salvatore D'Amico, Chadbourne & Parke, Washington, DC, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Washington, DC, for British American Tobacco, P.L.C.

James M. Cox, Michael B. Minton, J. William Newbold, Bruce D. Ryder, Thompson & Coburn, LLP, St. Louis, MO, Thomas A. Duncan, King & Spalding, Atlanta, GA, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Washington, DC, Paige Q. Szajnuk, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Tobacco Co.

Alvin Bertram Dunn, Jack McKay, Shaw Pittman, LLP, Washington, DC, Neil H. Koslowe, Shearman and Sterling, LLP, Washington, DC, for British American Tobacco Australia Services, Ltd.

Clausen Jr. Ely, James Alexander Glynn, Joseph A. Kresse, John Vanderstar, Covington & Burling, Washington, DC, for Tobacco Institute, Inc.

Christy L. Henderson, Cheryl Grissom Ragsdale, Michele B. Scarponi, Hunton & Williams, Richmond, VA, Anastasia G. Weis, Winston & Strawn, Chicago, IL, for Philip Morris USA, Inc.

Jason T. Jacoby, Hunton & Williams, Richmond, VA, for Altria Group, Inc.

Timothy M. Hughes, Garyowen P. Morrisroe, F. John Nyhan, Lawrence Edward Savell, Bruce G. Sheffler, David L. Wallace, Jessica L. Zellner, Chadbourne & Parke, New York City, Lawrence Saul Robbins, Robbins, Russell, Englert, Orseck & Untereiner, Washington, DC, for British American Tobacco (Investments) Ltd.

Marc E. Kasowitz, Aaron H. Marks, Nancy E. Straub, Kasowitz, Benson, Torres, Friedman, L.L.P., New York City, Melodie M. Mabanta, Robinson Woolson,

P.A., Baltimore, MD, Fred W. Reinke, Clifford Chance US, LLP, Washington, DC, for Liggett Group, Inc.

David Mendelson, Kirkland & Ellis, LLP, Washington, DC, for American Tobacco Co.

David Patrick Sullivan, Kirkland & Ellis, Washington, DC, for Brown & Williamson Tobacco Corp., American Tobacco Co.

## MEMORANDUM OPINION

KESSLER, District Judge.

This matter is now before the Court on the Government's Motion for Partial Summary Judgment That Each Defendant Is Distinct from the RICO Enterprise, That a Defendant's Liability for RICO Conspiracy Does Not Require That Defendant To Participate in the Operation or Management of the Enterprise, and That RICO Liability Extends to Aiders and Abettors ("Motion"). Upon consideration of the Motion, Defendants' Opposition, the Reply, and the entire record herein, and for the reasons stated below, the Motion is **granted in part and denied in part.**

## I. BACKGROUND

Plaintiff, the United States of America (the "Government"), has brought this suit against the Defendants [1] pursuant to Sections 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. [2] Defendants are manufacturers of cigarettes and other tobacco-related entities. The Government seeks injunctive relief and disgorgement of $280 billion dollars [3] of ill-gotten gains for what it alleges to be Defendants' unlawful conspiracy to deceive the American public. The Government's Amended Complaint describes a four-decade long conspiracy, dating from at least 1953, to intentionally and willfully deceive and mislead the American public about, among other things, the harmful nature of tobacco products, the addictive nature of nicotine, and the possibility of manufacturing safer and less addictive tobacco products. Amended Complaint ("Am.Compl.") at ¶ 3.

## II. ANALYSIS

The Government alleges violations of both Sections 1962(c) and (d).[4] To

1. Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to the American Tobacco Company), Lorillard Tobacco Company, Altria Group Inc. (f/k/a Philip Morris Companies, Inc.), British American Tobacco (Investments), Ltd., The Council for Tobacco Research–U.S.A., Inc., The Tobacco Institute, Inc., and The Liggett Group, Inc.

2. The Complaint originally contained four claims under three statutes. On September 28, 2000, the Court dismissed Count One (pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651, et seq.) and Count Two (pursuant to the Medicare Secondary Payer provisions of the Social Security Act, 42 U.S.C. §§ 1395y(b)(2)(B)(ii) & (iii)). See United States v. Philip Morris, 116 F.Supp.2d 131 (D.D.C.2000).

3. As a result of corrections made to the Youth Addicted Population and the resulting proceeds' calculation, the amount of disgorgement sought by the Government is $280 billion, rather than the $289 billion initially identified in the United States' Preliminary Proposed Conclusions of Law. See United States' Mem. of Points and Authorities in Opp. To Defs.' Mot. for Partial Sum. J. Dismissing Govt's Disgorgement Claim, at 1.

4. Sections 1962(c) and (d) provide:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debts.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

18 U.S.C. §§ 1962(c)-(d).

prove the alleged violations of Section 1962(c), the Government must show: (1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States*, 522 U.S. 52, 62, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact though not a legal entity." 18 U.S.C. § 1961(4). Racketeering activity includes, among other things, acts prohibited by any one of a number of criminal statutes. 18 U.S.C. § 1961(1). A "pattern" is demonstrated by two or more instances of "racketeering activity" that occur within 10 years of one another. 18 U.S.C. § 1961(5). In this case, the alleged racketeering acts are violations of 18 U.S.C. §§ 1341 (mail fraud) and 1343 (wire fraud). To demonstrate violations of Section 1962(d), the Government must prove: (1) that two more people agreed to violate Section 1962(c), and (2) that the defendant knew of and agreed to the overall goal of the violation. *United States v. Philip Morris Inc.*, 130 F.Supp.2d 96 (D.D.C.2001).

In the present Motion, the Government seeks partial summary judgment striking certain affirmative defenses of Defendants and on particular issues of law relating to proof of liability. The Government argues first that, as a matter of law, each Defendant is distinct from the alleged RICO enterprise. *See* Motion, at 8. Second, the Government argues that, as a matter of law, a Defendant's liability for RICO conspiracy under Section 1962(d) does not require proof that such Defendant participated in the operation or management of the alleged enterprise. *See id.* at 15. Finally, the Government argues that, as a matter of law, liability for committing a racketeering act under Section 1962(c) extends to those Defendants who aided and abetted the commission of that act. *See id.* at 16.

Defendants argue that the Motion seeks impermissible advisory opinions, in violation of the Court's jurisdiction under Article III of the Constitution. In addition, Defendants deny the merits of the Government's claims.

## A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C.Cir.1989).

Additionally, summary judgment is appropriate for purely legal questions. *See generally* Moore's Federal Practice, P56.20(3.-2) (2d ed.1976). A determination on a strict legal issue can "narrow the issues in [a] case, advance the progress of the litigation, and provide the parties with some guidance as to how they proceed with the case." *Warner v. United States*, 698 F.Supp. 877, 879 (S.D.Fla.1988). "Summary judgment can thus serve to set the issues for trial .... The outcome of [the] dispute will have an immediate impact on the proofs to be offered at trial in support of the elements of the statutory causes of action." *Disandro v. Makahuena Corp.*, 588 F.Supp. 889, 892 (D.Haw. 1984); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 768–69 (9th Cir.1981).

## B. Each Defendant Is Distinct from the Alleged RICO Enterprise

■ The Government seeks partial summary judgment that each Defendant is distinct from the RICO enterprise.[5] To establish an enterprise under Section 1962(c), a plaintiff must allege and prove the existence of two distinct entities: (1) a "person" and (2) an "enterprise" that is not simply the same "person" referred to by a different name. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161, 121 S.Ct. 2087, 150 L.Ed.2d 198 (2001). In *King*, the Court concluded that a RICO defendant, or "person", must be distinct from the RICO "enterprise" that the defendant is associated with or employed by. *Id.* at 161–62, 121 S.Ct. 2087.

■ Regardless of how the enterprise is defined (if at all), the Government has proven the distinctness element in this case. This Court has already held that an "association-in-fact" enterprise can be a group of corporations. *See Philip Morris*, 116 F.Supp.2d at 152–53. Moreover, there is no dispute that each individual Defendant is a separate legal entity. Thus, if this Court should find an enterprise comprised of at least two of the Defendants, the individual Defendants will be distinct from the enterprise itself.

Of course, the Government must also prove, as it acknowledges, the requirements of the alleged enterprise—common purpose, organization, and continuity—in order to prevail on its RICO claims. *See* Govt's Reply, at 2 n. 2 (citing *United States v. Perholtz*, 842 F.2d 343, 362 (D.C.Cir.1988)). However, there is no reason to postpone a definitive determination on distinctness. Accordingly, the Government's Motion for partial summary judgment striking the affirmative defenses of failure to identify a RICO enterprise separate and distinct from the Defendants themselves is **granted.**

## C. A Defendant's Liability for Conspiracy under 18 U.S.C. § 1962(d) Does Not Require that Defendant to Participate in the Operation or Management of the Enterprise

In *Salinas*, the Supreme Court held that liability under Section 1962(c) is not a prerequisite to finding liability under Section 1962(d). *See Salinas*, 522 U.S. at 66, 118 S.Ct. 469. In that case, the defendant was charged with criminal violations of Sections 1962(c) and (d) but was convicted on the conspiracy charge alone. In concluding that a RICO conspiracy defendant need not commit a substantive RICO offense under Section 1962(c), the Court explained that "it is sufficient that the [defendant] adopt the goal of furthering or facilitating the criminal endeavor." *Id.* at 65, 118 S.Ct. 469. The Court noted that RICO's conspiracy section is to be interpreted in light of the common law of criminal conspiracy. *See id.*[6] Accordingly, one who opts into or participates in a Section 1962(d) conspiracy to violate Section 1962(c) is liable for the acts of his co-conspirators even if that defendant did not personally agree to commit, or to conspire with respect to, any particular one of those acts. *Id.*

In response, Defendants cite *Reves v. Ernst & Young*, 507 U.S. 170, 185, 113

---

5. The Government seeks summary judgment not on some abstract issue, as Defendants argue, but rather on its request to strike the affirmative defenses denying distinctness. Thus, the Court's conclusion on the distinctness element is not an advisory opinion and is proper under Fed.R.Civ.P. 56.

6. "If conspirators have a plan which calls for some conspirators to perpetrate a crime and others to provide support, the supporters are as guilty as the perpetrators ... so long as they share a common purpose, conspirators are liable for the acts of their co-conspirators." *Salinas*, 522 U.S. at 64, 118 S.Ct. 469.

S.Ct. 1163, 122 L.Ed.2d 525 (1993), claiming that it requires a showing of "operation or management of the enterprise" to demonstrate a RICO conspiracy under Section 1962(d).[7] Even though the Supreme Court did hold in *Reves* that, to "conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs, one must participate in the operation or management of the enterprise itself," Defendants' argument fails for the following reasons.

First, *Reves* involved a Section 1962(c) substantive RICO offense not a Section 1962(d) RICO conspiracy offense. In *Reves*, the Supreme Court held that an accounting firm could not be liable under Section 1962(c) for incorrectly valuing a farm cooperative's assets listed on its financial statements. *Reves*, 507 U.S. at 179, 113 S.Ct. 1163. The Court reasoned that the firm had not "conduct[ed] or participated . . . in the conduct" of the enterprise's affairs because it did not participate in the "operation or management of the enterprise itself." *Id.*

All circuits but the Ninth have concluded that *Reves* addressed only the extent of conduct or participation necessary to violate Section 1962(c), and did not address the principles of conspiracy law under Section 1962(d).[8] *See Smith v. Berg*, 247 F.3d 532 (3d Cir.2001); *United States v. Posada–Rios*, 158 F.3d 832, 857 (5th Cir.1998);

*Napoli v. United States*, 45 F.3d 680, 683–84 (2d Cir.1995); *MCM Partners, Inc. v. Andrews–Bartlett & Assoc.*, 62 F.3d 967, 979 (7th Cir.1995); *United States v. Starrett*, 55 F.3d 1525, 1547 (11th Cir.1995); *United States v. Quintanilla*, 2 F.3d 1469, 1485 (7th Cir.1993) ("to hold that under section 1962(d) the government must show that an alleged coconspirator . . . participated to the extent required in *Reves* would add an element to RICO conspiracy that Congress did not direct").[9] Thus, *Reves'* "operation or management" standard applies only to substantive RICO offenses under Section 1962(c) and not to a conspiracy to violate RICO under Section 1962(d).

Second, after *Reves*, the Supreme Court specifically set forth in *Salinas* the standard for liability under Section 1962(d). *See Salinas*, 522 U.S. at 65, 118 S.Ct. 469. Such conspiracy liability requires a showing that: (1) two or more people agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the violation. *Id.; See Posada–Rios*, 158 F.3d at 857 (citing *Salinas*); *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir.2000) (same). There can be no question that the Supreme Court was aware of its decision in *Reves* when it decided *Salinas*, and there is nothing inconsistent between the two decisions.

7. This Court has already agreed with the Government's assertion that, while it must show that a Defendant engaged in two or more predicate acts to state a claim under one of RICO's substantive provisions (Section 1962(a), (b), or (c)), *Salinas* rejected such a requirement with respect to RICO's conspiracy provision (Section 1962(d)), *Philip Morris*, 130 F.Supp.2d at 99, although it did not specifically address the role of the *Reves'* "operation or management" test in assessing liability under Section 1962(d).

8. As noted, only the Ninth Circuit has ruled that *Reves'* "operation or management" test

applies to RICO conspiracy charges. *See Neibel v. Trans World Assurance Co.*, 108 F.3d 1123, 1128–29 (9th Cir.1997). However, *Neibel* was decided before *Salinas*, and the Ninth Circuit has not yet revisited its ruling. Moreover, *Neibel* relied upon *United States v. Antar*, 53 F.3d 568, 581 (3d Cir.1995), another pre-*Salinas* decision, which the Third Circuit subsequently ruled was no longer viable in light of *Salinas*. *See Smith v. Berg*, 247 F.3d at 534.

9. It should be noted that these are not all criminal cases, as Defendants inaccurately contended in their papers.

■ Thus, reading *Reves* and *Salinas* together, it is clear that a defendant may be held liable for conspiracy to violate Section 1962(c) if it knowingly agrees to violate the elements of Section 1962(c), one of which is the "operation or management" of a RICO enterprise.[10] However, liability for a RICO conspiracy under Section 1962(d) does not require the same proof of participation in the "operation or management" of the alleged RICO enterprise, just as it does not require proof of commission of all the other elements of the Section 1962(c) substantive offense. *Salinas*, 522 U.S. at 65, 118 S.Ct. 469; *see also Smith*, 247 F.3d at 537.

Accordingly, the Government's Motion for partial summary judgment that a Defendant's liability for RICO conspiracy does not require that Defendant to participate in the operation or management of the enterprise is **granted**.

### D. Whether Liability for a Particular Racketeering Act Extends to Aiders and Abettors Must Be Determined at Trial

■ To establish a "pattern of racketeering activity" for purposes of Section 1962(c), the Government must show that each Defendant committed at lease two acts of racketeering, "the last of which occurred within ten years ... after the commission of a prior racketeering act." 18 U.S.C. § 1961(5). The Government argues that a defendant's liability for a particular racketeering act may be established by proof that the Defendant aided and abetted the commission of that racketeering act. *Pereira v. United States*, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435 (1954) (a person who aids and abets another in the commission of mail fraud, a violation of § 1341, also violates § 1341); *United States v. Shifman*, 124 F.3d 31, 36 (1st Cir.1997).

Defendants in turn rely upon *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994), to support their assertion that liability for a racketeering act does not extend to aiders and abettors. In *Central Bank*, the Supreme Court held that there can be no private civil liability for aiding and abetting securities fraud under Section 10(b) of the 1934 Securities Exchange Act and Rule 10b–5. *Central Bank*, 511 U.S. at 185, 114 S.Ct. 1439. After examining the language and structure of the Act, the Court concluded that "the text of the 1934 Act does not itself reach those who aid and abet a Section 10(b) violation." *Id.* at 183, 114 S.Ct. 1439.

---

**10.** Relying upon *Beck v. Prupis*, 529 U.S. 494, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000), Defendants assert that *"Salinas* is irrelevant for the purpose of civil RICO claims."* Defs.' Opp'n., at 23. *Beck* involved a chief executive officer whose employment was terminated when he discovered that certain of his company's officers were engaged in racketeering. The Court ruled that the termination, allegedly in furtherance of a RICO conspiracy, was not independently wrongful under any substantive RICO provision and did not give rise to a cause of action under Section 1962(c).

In *Beck*, the only mention of *Salinas* appears in a footnote: "[w]e have turned to the common law of criminal conspiracy to define what constitutes a violation of § 1962(d), ...."

This case, however, does not present simply the question of what constitutes a violation of § 1962(d), but rather the meaning of a civil cause of action for private injury by reason of such a violation." *Beck*, 529 U.S. at 501 n. 6, 120 S.Ct. 1608. This sentence does not in any way repudiate or undercut the *Salinas* holding. The *Beck* decision turns rather on the injury requirement of Section 1964(c). *Id.* Thus, violations of Section 1962(d) continue to be defined under and governed by *Salinas*.

In fact, this Court has already held that *Beck* is limited to private civil RICO suits for treble damages and does not apply to the Government's claims for equitable relief in this case. *United States v. Philip Morris*, 273 F.Supp.2d 3, 7 (D.D.C.2002).

The issue of aiding and abetting liability is extremely important, with significant ramifications in terms of expanding the scope of RICO. Both sides have raised very substantive arguments. While it might indeed be helpful to the parties to resolve this issue before trial, the Court has concluded that a legal issue of this complexity and significance may well be illuminated by the factual context in which it is developed. Therefore, resolution of the issue is not appropriate at this time.

## III. CONCLUSION

For all the foregoing reasons, the Government is entitled to partial summary judgment that each Defendant is distinct from the alleged RICO enterprise and that a Defendant's liability under Section 1962(d) does not require proof that Defendant participated in the operation or management of the alleged enterprise; however, the Government is not entitled to partial summary judgment that liability for a racketeering act extends to aiders and abettors of the commission of the act. Accordingly, the Motion is **granted in part and denied in part**.

An **Order** will accompany this opinion.